G8GTJONC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                              16 CR 19 (PGG)

MAALIK ALIM JONES,

          Defendant.

------------------------------x

                                     New York, N.Y.
                                     August 16, 2016
                                     10:30 a.m.

Before:

               HON. PAUL G. GARDEPHE,

                          District Judge

                      APPEARANCES

PREET BHARARA
    United States Attorney for the
    Southern District of New York
ANDREW DeFILIPPIS
    Assistant United States Attorney

SEAN MAHER
    Attorney for Defendant

G8GTJONC

(In open court, case called)

MR. DeFILIPPIS:  Andrew DeFilippis for the government. With me at counsel table is Special Agent Boese of the FBI.

DEPUTY CLERK:  Defendant ready?

MR. MAHER:  Sean Maher for Mr. Jones, who is present in court.  Good morning, your Honor.

THE COURT:  Good morning.

MR. MAHER:  Your Honor, as an initial matter, I would like to request -- Mr. Jones is seated next to me and he is still handcuffed, and this is the first time in court that he's remained handcuffed.  I ask that he could be uncuffed.

THE COURT:  What's the marshal's position?

DEPUTY MARSHAL:  For security purposes for this matter, since there's no jury, we prefer to keep him secured.

THE COURT:  You prefer to keep him handcuffed?

DEPUTY MARSHAL:  Right, for security reasons.

THE COURT:  He will remain handcuffed.

In this case Mr. Jones is charged with conspiring to provide and providing material support and resources to a foreign terrorist organization, namely al-Shabaab.  He's also charged with conspiring to receive and actually receiving military-type training from al-Shabaab, and he's charged with possession of a firearm during and in relation to a crime of violence.

We were last together on July 6.  At that time the

G8GTJONC

U.S. Attorney informed me of their plans to file a Classified Information Procedures Act, Section 4 motion.  I will be referring to that statute by its acronym, CIPA.

The government filed its motion ex parte and under seal on August 5th, 2016.  That same day the government gave notice to the defense of its CIPA filing as well as a copy of the proposed order which would grant a protective order and make findings that the information at issue, if disclosed, could cause serious damage to national security, and, in any event, is not relevant or helpful to the defense within the meaning of United States V. Aref, A-R-E-F, 533 F.3d 72 (2d Cir. 2008).  The statute CIPA, Section 4, provides that "The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove."

Section 4 of the statute also states that, "The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone."  Citing CIPA, Section 4.  See also Aref, 533 F.3d, 81.  ("Both CIPA Section 4 and Rule 16(d)(1) authorize ex parte submissions when the government is

G8GTJONC

seeking to withhold classified information from the defendant. An adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.")

In evaluating a motion under Section 4 of CIPA, "First, the district court must determine whether the material in dispute is discoverable, and if so, whether the state's secrets privilege applies."  Citing United States v. Aref, 533 F.3d 72, 80 (2d Cir. 2008).

It applies if "One, there is a reasonable danger that compulsion of the evidence will expose matters which in the interest of national security should not be divulged, and two, the privilege is lodged by the head of the department which has control over the matter after personal consideration by that officer."  Id., 80.  "If the information is discoverable but the privilege applies, then the district court must determine whether the information is helpful or material to the defense, i.e., useful to counter the government's case or to bolster a defense." Id.

"In order to be helpful or material, the evidence need not rise to the level that would trigger the government's obligation under Brady v. Maryland, 373 U.S. 83 (1963) to disclose exculpatory information."  Id.

On August 12, 2006, Mr. Maher filed a brief arguing that the government's request to proceed ex parte with respect to its Section 4 filing should be denied.  Mr. Maher relies on

G8GTJONC

cases arising outside the context of CIPA, and he argues in his papers that ex parte proceedings are generally disfavored and that I am not well equipped to act as a surrogate for defense counsel.  Citing Docket Number 26 at pages 5 through 10.

In the alternative, Mr. Maher proposes that the government should be compelled to disclose its legal arguments in support of its Section 4 motion and that he should be permitted to make an ex parte presentation to the Court regarding how the classified information at issue may be relevant and helpful to the defense.  I should note that Mr. Maher's submission to me was itself filed ex parte.

With respect to the general issue of whether the U.S. Attorney's Office should be permitted to proceed ex parte in making its motion under Section 4 of CIPA, I find that that approach is in fact proper because the statute explicitly authorizes ex parte proceedings, and the Second Circuit has noted that a contrary rule would essentially defeat the purpose of the statute because an adversary proceeding would involve the disclosure of the precise information that the government argues the disclosure of which would damage national security. So I find that the ex parte approach is specifically authorized by both statute and by the Second Circuit.

There are a couple of subsidiary arguments made by defense counsel I want to address.

Mr. Maher pointed out that he has a security

G8GTJONC

clearance, and given that he has a security clearance he should be given access to the information that the government seeks to protect. And defense counsel's argument that the security clearance justifies in sort of an automatic fashion access to classified information is misguided. Of course, one could have a security clearance and not have a need to know the classified information in question. The mere possession of a security clearance doesn't mean that the disclosure of classified information is appropriate, it's only appropriate if the person seeking access has the need to know the information.

Here, the law has set a standard essentially for when there's a need to know on the part of the defense counsel, and the need to know is whether the information in question is helpful or material to the defense either to counter the government's case or to bolster a defense. And so the mere fact that someone has a security clearance doesn't mean that disclosure of classified information to that person is appropriate. The Court in this instance has to make a finding as to whether the information in question meets the standard that I have just stated.

With respect to the argument that the government should be required to disclose its legal arguments in support of its non-production, I don't find that that's appropriate here because it's obvious from what the government has stated publicly what the issues are. The government contends that the

G8GTJONC

information in question meets the standard, the classified information, that is, it is information the disclosure of which presents a serious danger of causing damage to national security, and they're arguing that it meets the standard set by CIPA and should be withheld because it doesn't constitute information that is helpful or material to the defense within the meaning of the case law that I cited.  So I don't find that it's necessary for any additional disclosure of the government's legal position to be made on a non-ex parte basis.

With respect to the remaining issue about whether defense counsel should be permitted to make an ex parte presentation to the Court regarding how exactly it is that the disclosure of classified information might be helpful or material to the defense, I am willing to listen to presentation from defense counsel on an ex parte basis.

I, of course, have read Mr. Maher's ex parte submission, but to the extent that defense counsel believes a back and forth with the Court might be helpful in terms of fleshing out the arguments why disclosure of the classified information at issue would be helpful or material to defense, I am prepared to listen to that presentation on an ex parte basis.

There are some additional materials that I need before I can do that.  The government has provided me summaries of the information in question, and I want the underlying reports

before making a determination as to whether a protective order is appropriate.  So I will need those reports before I can go further.

How long will it take you to gather that information?

MR. DeFILIPPIS:  Your Honor, I wouldn't want to estimate until we consult with the relevant parts of the government.  So maybe we could put in a letter to the Court with an estimate in the next couple of days.  I'm not quite sure how long, I know we have done it in other cases, but we'll get back to Court on that.

THE COURT:  Okay.  Mr. Maher, what is your schedule like over the next few weeks?  Do you have any issues I should know about?

MR. MAHER:  I have some dates where I would be unavailable, and I could let the Court know that I am going to be out of town next week, the 22nd through the 25th.  The 29th and 31st, my days are pretty booked those two days, and the 6th through the 9th I will be teaching outside the city.

THE COURT:  I guess we're looking at the week of the 12th.

MR. MAHER:  I have various court proceedings that week, but I'm sure I can work that out with whatever works for the Court.

DEPUTY CLERK:  The 14th at 10:00 a.m. is available.

THE COURT:  How is the 14th at 10:00 a.m. for the ex

G8GTJONC

parte presentation?

MR. MAHER:  I have an appearance at 9:30 in the Eastern District that may take an hour.

THE COURT:  How about later that day?

MR. MAHER:  I have a sentencing before Judge Daniels at 1:00 p.m.

THE COURT:  How about 3 o'clock on the 14th?

MR. MAHER:  That should be fine.  If there's any issue with regard to the sentencing, I will send it on to your Honor.

THE COURT:  That's good.  We'll conduct an ex-party hearing at September 14 at 3 o'clock, at which time Mr. Maher can make his arguments to me on an ex parte basis as to why the classified information at issue will be helpful or might be helpful or material to the defense.

Now that date is predicated on the notion that the government will be able to gather the underlying reports to me in such a fashion that I can review that material before September 14th.  So the government will let me know if there's any problem with that.

MR. DeFILIPPIS:  Yes, your Honor.

THE COURT:  Does the government wish to exclude time between now and September 14?

MR. DeFILIPPIS:  We do, your Honor.  And I wanted to raise with the Court whether it would make sense to address any supression motions and set a schedule for that at this point.

G8GTJONC

THE COURT:  What do you say to that, Mr. Maher?

MR. MAHER:  At this point, your Honor, I think it would be more prudent to finish this discovery area because that could implicate what I file as far as a supression motion and the substantive hearing.

THE COURT:  What I'm going to do is put it down for a conference the following week, and we'll talk then about if there's going to be any supression motions.  And if I haven't already ruled on the classified information question, I will do it at that time.

MR. MAHER:  Thank you.

DEPUTY CLERK:  The 21st at 10:00 a.m. is available.

THE COURT:  Is that convenient for everyone, September 21 at 10:00 a.m.?

MR. DeFILIPPIS:  Yes, your Honor.

MR. MAHER:  That's fine.

THE COURT:  All right.  Any objection, Mr. Maher, to my excluding time between now and September 21?

MR. MAHER:  No objection.

THE COURT:  I will exclude time between today and September 21st, 2016, under the Speedy Trial Act pursuant to Title 18, United States Code, Section 3161(h)(7)(A) to permit additional consideration on this issue of disclosure of classified information, as well as to listen to Mr. Maher's arguments about the same, and also for defense counsel to

G8GTJONC

consider whether there will be any other pretrial motions in this case.  I do find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Anything else we should talk about today?

MR. DeFILIPPIS:  No, your Honor.  I just note, as we noted in the response we filed, if it would be helpful to the Court for the government to provide a similar presentation about its evidence or theory of the case, we would be willing to do that.

THE COURT:  Okay, I will keep that in mind, and if I do think it's necessary we'll obviously get touch.

Anything else, Mr. Maher?

MR. MAHER:  No, thank you.

THE COURT:  Thank you.

o0o