# LAW OFFICES OF SUSAN G. KELLMAN

25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718) 783-8200 • FAX (718) 783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

July 28, 2019

**<u>VIA ECF and Email</u>**
Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  <u>Sajmir Alimehmeti</u>
16 Cr. 398 (PAE)

Dear Judge Engelmayer:

I am writing to seek your Honor's assistance with a seemingly intractable situation – the government's failure, over the past several months, to provide our client with a workable digital copy of his discovery so that he can assist counsel with our preparations for sentencing.

This past May, we requested – and the Court granted – a six-month adjournment of Mr. Alimehmeti's sentence. On May 20, 2019, we emailed the government about providing our client with a laptop and hard drive containing a full set of discovery, which we had determined would be an essential part of our process in preparation for the December sentencing date.[1] After considerable back and forth, in which the government questioned the need for these materials, the government ceded to this request on May 23, 2019, informing us that they were "in the process of working to provide Mr. Alimehmeti with a laptop and discovery materials at MCC."[2] On May 30, 2019, having heard nothing, we followed up by email. Only then did the government inform us that it would be necessary for us to provide a 1 terabyte hard drive onto which the discovery would be loaded. The hard drive was ordered immediately and delivered directly from Amazon to the government. Once received, the government said that it would burn and produce the discovery.

A few weeks later, on June 17, 2019, in response to an email requesting an update on the progress of the production to our client, the government informed us that the laptop and drive had been delivered to the MCC on June 13, 2019. After

---

[1] To a certain extent, counsel's own familiarity with the full breath of the discovery was limited given our late arrival into the case – and so a fulsome review of the material, together with our client, is an essential part of our sentencing preparation.
[2] I have not attached any of the emails described in this letter. If the Court is interested in reviewing any of the underlying communications, we will, of course, make them available.

several days of back and forth with Adam Johnson, counsel at the MCC's Legal Department, he confirmed that the laptop and hard drive were provided to Mr. Alimehmeti on June 21, 2019. (One month of our six-month extension of time – wasted.)

Were this the end of the story there would be no need for this letter; however, after visiting with our client we learned that the hard drive provided to him was missing massive amounts of the anticipated discovery. On June 28, 2019, I wrote to the government about the deficiency:

> I am confused. You asked me to provide a 1TB hard drive for Sajmir – and I did -- but in reviewing the material…we realized that: (1) the hard drive is mostly empty; and (2) substantial portions of the discovery materials are not contained on the drive. While I have not been able to make a complete search of his drive yet – it is clear that none of the recordings in his case have been included on the drive – before I have to take the drive and do a complete inventory – can you please explain your process -- if there was one -- and why the lion's share of the Rule 16 discovery is not on the disc.

(Kellman Email of June 28, 2019.)

The same day, the government responded as follows:

> We looked into this and have determined that we *inadvertently* did not burn some of the UC recordings onto the drive, as they were stored in a separate location. We will take the drive back from MCC and burn those recordings. But the drive does contain hundreds of other recordings (generally .wav files), as well as all of the transcripts corresponding to the UC recordings. If there are other particular discovery items that you are requesting that you don't believe are on the drive, please just let us know. (Emphasis added.)[3]

In response, we then asked the government to provide "a list of what is on the drive, once the missing materials are added" and that it would be "impossible for us, on a file by file basis, to determine what, if anything, is still missing."

Sadly, the saga continues. On July 5, 2019, in response to the government's request, the MCC's Legal Department picked up the drive from Mr. Alimehmeti in order return it to the government, so that the missing materials could be added to

---

[3] Of course, while the government retrieves the hard drive, Mr. Alimehmeti and counsel continue to have no ability to review the discovery.

the drive. We were informed by the government that the drive was returned to the MCC on July 10, 2019.

When we visited with our client on July 17, we confirmed that the drive had been returned to him, and we asked him to go through it to determine if anything was still missing. At our next visit, on July 24, 2019, (another of the defendant's sentencing extension of time – gone) we went through the drive with him folder by folder and file by file, a process further encumbered by the glass wall that separates us from our client. We determined that at least the following materials were still missing:

> Poll camera video (hard drives 3 and 4)
> Albania laptop; Search Warrant Results (hard drive 1)
> Silver/grey/black thumb drive (hard drive 2)
> Dell Inspiron 15 laptop (hard drive 2)
> Patriot memory - 32 gb thumb drive (hard drive 2)
> Scandisk SD card (hard drive 2)

After leaving the facility, we promptly emailed the government, suggesting that they let us know what size drive they would need to load up the additional Rule 16 materials. In response, the government suggested that we turn over the defense team's drive and a drive of equal size, and that this would be "the quickest and most efficient way to ensure that all of the materials you currently have are provided to Mr. Alimehmeti as soon as possible, as you have requested."

Frankly, your Honor, we are at a loss. We cannot comprehend why it is so difficult for the government to determine the breadth of the discovery they provided under Rule 16, and to make a duplicate copy for our client, and why this full duplicate was not provided in the first instance. It makes no sense to us that the government, which has professed that it "and the public share important interests in having sentencing carried out promptly" (Govt. Letter of May 17, 2019) would drag this process out for months, failing to provide the material to our client that we have communicated is necessary to our preparations for sentence.

Call me crazy – but I have an abiding sense that were your Honor to direct the government to produce a full set of the discovery to Mr. Alimehmeti on or before August 2, 2019 – that, with the anticipated assistance of the MCC, the government would figure out a way to expeditiously provide our client the all materials we need to review with him in preparation for sentencing.

Respectfully submitted,
/s/
Susan G. Kellman